## JOSEPH A. CONANT vs. RICHARD NORRIS.

*Fence-viewers—disqualification of.*

An assignment of a partition fence by fence-viewers, one of whom is a brother-in-law of one of the owners of the adjacent land, is void.

ON REPORT.

CASE under R. S. of 1857, c. 22, §§ 4, 5, 6, to recover double the value of a fence built by the plaintiff after an alleged assignment by fence-viewers.

It appeared that one of the fence-viewers who acted in making the alleged assignment, was the brother-in-law of the plaintiff, who offered no evidence of consent and waiver of this objection on the part of the defendant.

The case was withdrawn from the jury and reported to the full court, who were to order a nonsuit if the objection of relationship is fatal to the maintenance of the action.

*C. M. Herrin*, for the plaintiff.

The statute provides that certain officers shall be disinterested,— naming appraisers of real estate, appraisers to take inventories, commissioners to assess damages for flowage, commissioners to make partition; but the statute omits this requirement, in the same sense, as to certain other officers, among which are fence-viewers. The intention to make the distinction is apparent from the fact.

When the statute provides that a certain officer shall be " disinterested," it means disinterested as defined in R. S., c. 1, rule XXII; but as to others, they need only be free from personal interest.

Counsel cited *Lovering* v. *Lamson*, 50 Maine, 334; *Cummings* v. *York*, 54 Maine, 386; *State* v. *Intoxicating Liquors*, 54 Maine, 564; *Com.* v. *Emery*, 11 Cush. 411, as to the effect and construction of the omission to require certain officers to be disinterested.

The action is remedial and not penal. *Palmer* v. *York Bank*, 18 Maine, 166; *Reed* v. *Northfield*, 13 Pick. 96; *Suffolk Bank* v. *Worcester Bank*, 5 Pick. 106.

*Madigan & Donworth*, for the defendant.

WALTON, J. The plaintiff claims to recover double the value of a partition fence built by him after an alleged assignment by fence-viewers and neglect by the defendant to build his part. The fact came out in the course of the trial, that one of the fence-viewers who made the assignment was a brother-in-law of the plaintiff, and the question is, whether this was such a disqualification as renders the proceedings void, and defeats the plaintiff's right to recover.

We think it was. This precise question came before the supreme court in New Hampshire, and the court held that one of the fence-viewers being disqualified to act, by his relationship to the plaintiff, the proceedings were void, and furnished no foundation for the plaintiff's claim. *Sanborn* v. *Fellows*, 22 N. H. 473.

In that State, as in this, there is no express statutory disqualification; but the court held, after a careful examination of the question, and an elaborate review of the authorities, that by the rules of the common law, a fence-viewer, who is related to one of the parties within the fourth degree, by consanguinity or affinity, is disqualified to act.

We cannot doubt that the decision was right. The duties of a fence-viewer require a careful exercise of the judgment, and are essentially judicial in their character; and we see no reason why he should not stand as indifferent between the parties, and be as free from prejudice and bias as a judge, or a juror, or a justice of the peace.

Our conclusion is, that the relationship of the fence-viewer to the plaintiff was such a disqualification as renders the proceedings void, and defeats the plaintiff's right to recover. *Plaintiff nonsuit.*

APPLETON, C. J.; CUTTING, DICKERSON, DANFORTH, and TAPLEY, JJ., concurred.